RICHARD D. BURSTEIN - Bar No. 56661
REAGAN E. BOYCE - Bar No. 248064
TRAVIS M. DANIELS - Bar No. 295855
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone:  (818) 827-9000
Facsimile:   (818) 827-9099
Email:       rburstein@ebg-law.com
             rboyce@ebg-law.com
             tdaniels@ebg-law.com

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>RELIABLE TRUST DEED SERVICES, INC.<br><br>Debtor.<br><br>———————————————————<br><br>DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SAKS, an individual and as trustee of the Scott Saks 2009 Trust dated 8/12/2009,<br><br>Defendant. | Case No. 1:13-bk-10518-MT<br><br>CHAPTER 7<br><br>Adv. Case No.<br><br>**CHAPTER 7 TRUSTEE'S COMPLAINT FOR:**<br><br>**(1) COMMON COUNT: OPEN BOOK ACCOUNT;**<br><br>**(2) COMMON COUNT: MONEY HAD AND RECEIVED;**<br><br>**(3) TURNOVER OF ESTATE PROPERTY; [Pursuant to 11 U.S.C. § 542]**<br><br>**(4) EQUITABLE INDEMNITY; AND**<br><br>**(5) BREACH OF FIDUCIARY DUTY**<br><br>**Status Conference**<br>**Date:**  To be set.<br>**Time:**  To be set.<br>**Place:** Courtroom 302<br>United States Bankruptcy Court<br>21041 Burbank Boulevard<br>Woodland Hills, CA 91367 |

David Seror, the duly appointed and acting Chapter 7 Trustee ("**Trustee**" or "**Plaintiff**") for the bankruptcy Estate of Reliable Trust Deed Services, Inc. ("**Debtor**"), by and through his attorneys of record, hereby complains and alleges against Defendant, Scott Saks ("**Defendant**") as follows:

1

**JURISDICTION, VENUE AND CASE BACKGROUND**

1. This action is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(A), (E) & (O).

2. The within bankruptcy case was commenced on or about January 24, 2013 (the "**Petition Date**"), when the Debtor filed a voluntary petition under Title 11 of the United States Code (the "**Bankruptcy Code**"). Thereafter, David Seror was appointed as Chapter 7 Trustee, in which capacity he continues to serve.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because these are core proceedings.

4. This Court also has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 151, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, and General Order Number 13-05 of the United States District Court for the Central District of California.

5. To the extent the Court determines that the below claims are not core, the Trustee consents to final orders or judgment by the Bankruptcy Court.

6. Venue for this proceeding properly lies in this Court pursuant to 28 U.S.C. §§ 1408 and 1409 in that this proceeding arises in or is related to the Reliable Trust Deed Services, Inc. bankruptcy case, which is currently pending in this District.

7. Plaintiff is the duly appointed Chapter 7 Trustee and has standing to bring this adversary proceeding pursuant to 11 U.S.C. §323.

8. This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

**NATURE OF THE ACTION**

9. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover money owed to the Debtor from the above-named Defendant. The Trustee seeks entry of a judgment in an amount according to proof at trial, as well as for recovery of costs of suit.

**THE PARTIES**

10. The Trustee brings this action solely in his capacity as the duly appointed and acting Chapter 7 Trustee.

1423301

11. The Trustee is informed and believes, and based thereon alleges that at all times relevant hereto, Defendant was a resident of, and/or conducted business within the jurisdiction of this Court, County of Los Angeles, State of California.

## TOLLING AGREEMENT

12. The Debtor's bankruptcy case was commenced on or about January 24, 2013 (the "**Petition Date**"), when the Debtor filed a voluntary petition under Title 11 of the Bankruptcy Code. Thereafter, David Seror was appointed as Chapter 7 Trustee, in which capacity he continues to serve.

13. On January 19, 2015, Defendant, on the one hand, and the Trustee, on the other hand (collectively referred to as the "**Tolling Parties**"), entered into a Tolling Agreement ("**Tolling Agreement**") thereby tolling the statute of limitations period that would apply to any claims the Trustee may have against Defendant for all legal or equitable claims, defenses, actions, causes of action, demands, rights, damages, remedies, expenses, and compensation whatsoever that could be asserted by the Trustee against Defendant relating to claims for money owed, open book account, claims arising out of or related to the transfer of assets of the Debtor to Trust Deed Foreclosure Services, Inc. ("**TDFS**") and/or any newly formed entity, any and all claims against Defendant arising under Sections 547, 548, 544, and/or 550 of the Bankruptcy Code, and/or any and all claims against Defendant arising under Cal. Civ. Code Section 3439, *et seq.*

14. Pursuant to the Tolling Agreement, the statute of limitations, which was set to expire on January 24, 2015, was tolled for a period of ninety (90) days until April 24, 2015 ("**Tolling Period**").

15. On April 8, 2015, the Tolling Parties agreed to enter into a Supplemental Tolling Agreement ("**Supplemental Tolling Agreement**"), thereby extending the Tolling Period through July 24, 2015 ("**Supplemental Tolling Period**").

16. On July 14, 2015, the Tolling Parties agreed to enter into a Second Supplemental Tolling Agreement ("**Second Supplemental Tolling Agreement**"), thereby extending the Supplemental Tolling Period through October 24, 2015 ("**Second Supplemental Tolling Period**").

## GENERAL ALLEGATIONS

17. The Debtor was formed on or about September 8, 2000.

1423301

18. From its inception Defendant has been a majority interest, voting shareholder, officer, and/or director of the Debtor and has served in that capacity at all times relevant herein.

19. On October 1, 2001, Defendant was issued all of Debtor's outstanding voting shares of stock.

20. On or about August 12, 2009 Defendant transferred his voting stock shares to the Scott Saks 2009 Trust ("**Saks Trust**"), of which Scott Saks was the trustee.

21. Following Defendant's transfer of his stock shares in Debtor to the Saks Trust, Defendant continued to manage and direct the business of Debtor, including executing documents on behalf of Debtor in his individual capacity, not in his capacity as trustee of the Saks Trust.

22. Post-petition, Defendant transferred the Saks Trust's shares in Debtor to Wolcott on or about February 5, 2013.

23. Following the transfer of the Debtor stock shares from Defendant to the Saks Trust, Defendant continued to represent and hold himself out to the public as a shareholder, officer, director, and/or authorized agent on behalf of Debtor.

24. Because of Defendant's representations, Trustee did not discover the existence of the stock share transfer until after the Tolling Period commenced.

25. Trustee is informed and believes and based thereon alleges that Defendant, in his capacity as a shareholder, officer, and/or director Defendant controlled the Debtor, and directed the business of Debtor.

26. As an officer, director and the majority voting shareholder, Defendant owed a fiduciary duty to the Debtor, including but not limited to a duty of loyalty, good faith and fair dealing, and an obligation to perform his duties as a reasonable person would do as a fiduciary of a business, using his judgment in the best interests of the business.

27. Acting in his capacity as the shareholder, officer and/or director, Saks was responsible for overseeing the business of the Debtor, and directing the actions of the Debtor.

28. While serving in his capacity as a shareholder, officer and/or director of Debtor, Defendant failed to act as a reasonably careful officer and/or director would act, including but not limited to failing to identify liens and claims asserted against the real property located at 1742

1423301

Windsor Road, San Marino, CA 91108 ("**Windsor Property**") and overseeing the foreclosure sale of the Windsor Property while a lis pendens was recorded against title in or about June 2010 which resulted in one or more lawsuits being filed against Debtor for Debtor's failure to convey clean title to a bona fide purchaser.

29. Further, the Trustee is informed and believes and based thereon alleges that as a shareholder, officer , director and/or authorized representative of the Debtor, Defendant, along with Lynn Wolcott ("**Wolcott**") was involved in the management of the Debtor's day to day business, including but not limited to, directing foreclosure clients to the Debtor, advertising for the Debtor, making legal decisions on behalf of the Debtor, and further controlling and/or assisting Wolcott in the foreclosure process of homes and other real property, in which business the Debtor engaged.

30. The Trustee is informed and believes and based thereon alleges that the Debtor did not have a company credit card account.

31. The Trustee is informed and believes and based thereon alleges that on or about March 1, 2001, the Debtor's Board of Directors passed a resolution authorizing Defendant to use his personal credit card to make purchases on behalf of and for the benefit of the Debtor and other business related expenses made on behalf of and for the benefit of the Debtor.

32. The Trustee is informed and believes and based thereon alleges that throughout his tenure as shareholder, officer and/or director of the Debtor, Defendant continued to use his personal credit card to make purchases and cover other business related expenses on behalf of and for the benefit of the Debtor.

33. The Trustee is informed and believes and based thereon alleges that during his tenure as shareholder, officer and/or director of the Debtor, Defendant also used his personal credit card for his own personal use, in addition to purchases and business related expenses made on behalf of or for the benefit of the Debtor.

34. The Trustee is informed and believes and based thereon alleges that the Debtor paid Defendant's credit card bill in full each month at the direction of Defendant, regardless whether the charges were for personal expenses or the business of the Debtor, or otherwise for the benefit of the Debtor.

1423301

35. The Trustee is informed and believes and based thereon alleges that Defendant also received monies from the Debtor in the form of cash and check disbursements made payable to Defendant, and Debtor made other disbursements to individuals and/or entities at the request and direction of Defendant and/or for the benefit of Defendant.

36. The Debtor's books and records indicate that the total amount of non-business related disbursements made to Defendant total $42,719.34.

37. The Debtor's records indicate that the total disbursements to Defendant in the amount of $42,719.34 were booked as a shareholder loan, which Defendant was responsible to repay to the Debtor.

38. The Debtor's records also indicate that as of the Petition Date, Defendant's shareholder loan in the amount of $42,719.34 remains unpaid.

39. On or about March 26, 2015, the Trustee made demand upon Defendant for repayment of the shareholder loan balance.

40. Despite the Trustee's demand for payment, Defendant has refused to pay the amount due and owing the Debtor's estate.

## FIRST CLAIM FOR RELIEF

### [Common Count: For Open Book Account]

41. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 40 inclusive, of this Complaint.

42. During Defendant's tenure as a shareholder, officer and/or director of the Debtor, the Defendant became indebted to the Debtor on an open book account for the sum of $42,719.34, the amount of the shareholder loan owed to Debtor by Defendant, as shown on the Debtor's records.

43. Despite demand therefore, the Defendant has failed and refuses to pay the sum due to the Debtor.

44. The Trustee seeks a judgment against Defendant in the sum of $42,719.34, plus costs, attorneys' fees (*see*, Cal. Civ. Code § 1717.5) and interest thereon as allowed by law.

/ / /

/ / /

1423301

## SECOND CLAIM FOR RELIEF

**[Common Count: For Money Had and Received]**

45.  The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 40 inclusive, of this Complaint.

46.  During Defendant's tenure as a shareholder of the Debtor, the Defendant became indebted to the Debtor in the amount of $42,719.34, by way of shareholder loans received from the Debtor.

47.  Specifically, Defendant was advanced $42,719.34 from the Debtor in the form of: (a) reimbursement for non-business related credit card purchases made by Defendant on Defendant's personal credit card; (b) cash and check disbursements from the Debtor to Defendant; and (c) payments made to other individuals whom Defendant directed Debtor to make on behalf of or for Defendant's benefit.

48.  Defendant failed to repay these amounts to the Debtor before terminating his association with the Debtor.

49.  The money lent to Defendant is due and owing to the Debtor.

50.  The Trustee seeks a judgment against Defendant in the sum of $42,719.34, plus costs, attorneys' fees (*see*, Cal. Civ. Code § 1717.5) and interest thereon as allowed by law.

## THIRD CLAIM FOR RELIEF

**[Turnover of Estate Property Pursuant to 11 U.S.C. § 542]**

51.  The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 40 inclusive, of this Complaint.

52.  Defendant became indebted to the Debtor in the amount of $42,719.34, by way of shareholder loans received from the Debtor.

53.  At all times relevant herein, Defendant had possession and/or control of the Debtor's assets.

54.  The amount of the shareholder loan owed to the Debtor by Defendant is an estate asset and payable on demand to the Trustee.

55.  Timely demand for turnover was made by the Trustee on March 26, 2015.

1423301

56. The Defendant has no right of offset under Section 553 to the $42,719.34 owed by Defendant to the Debtor's Estate.

57. The Trustee is entitled to turnover of the amount owed to the estate of $42,719.34 pursuant to Section 542(a).

58. An actual controversy has arisen between the Trustee and Defendant. The Trustee demands that the Defendant pay the $42,719.34 that is owed. The Defendant refuses to pay this amount.

59. The Trustee seeks a judgment against Defendant in the sum of $42,719.34, plus costs, attorneys' fees (*see*, Cal. Civ. Code § 1717.5) and interest thereon as allowed by law.

## **FOURTH CLAIM FOR RELIEF**

### **[Breach Of Fiduciary Duty]**

60. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 29 inclusive, of this Complaint

61. From its inception Defendant has been a majority interest, voting shareholder, officer, and/or director of the Debtor and has served in that capacity at all times relevant herein.

62. Trustee is informed and believes and based thereon alleges that Defendant, in his capacity as a shareholder, officer, and/or director Defendant controlled the Debtor, and directed the business of Debtor.

63. Trustee is informed and believes that Defendant continued to direct and control the business of the Debtor in his individual capacity after he transferred his stock shares to the Saks Trust.

64. As an officer, director, majority voting shareholder, and/or authorized agent of the Debtor, Defendant owed a fiduciary duty to the Debtor, including but not limited to a duty of loyalty, good faith and fair dealing, and an obligation to perform his duties as a reasonable person would do as a fiduciary of a business, using his judgment in the best interests of the business.

65. Acting in his capacity as the shareholder, officer, director, and/or authorized agent, Defendant was responsible for overseeing the business of the Debtor, and directing the actions of the Debtor.

1423301

66. While serving in his capacity as a shareholder, officer, director and/or authorized agent of Debtor, Defendant failed to act as a reasonably careful shareholder, officer, director and/or authorized agent would act, including but not limited to failing to identify liens and claims asserted against the real property located at 1742 Windsor Road, San Marino, CA 91108 ("**Windsor Property**") and overseeing the foreclosure sale of the Windsor Property while a lis pendens was recorded against title which resulted in one or more lawsuits being filed against Debtor for Debtor's failure to convey clean title to a bona fide purchaser.

67. Defendant's failure to act as a reasonably careful officer and/or director would act was a breach of Defendant's fiduciary duty to Debtor.

68. As a result of the Defendant's breach of fiduciary duty, the Debtor was harmed in an amount to be proved at trial.

## **FIFTH CLAIM FOR RELIEF**

### **[Equitable Indemnity]**

69. The Trustee refers to, and by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 29 inclusive, of this Complaint.

70. From its inception Defendant has been a majority interest, voting shareholder, officer, and/or director of the Debtor and has served in that capacity at all times relevant herein.

71. Trustee is informed and believes and based thereon alleges that Defendant, in his capacity as a shareholder, officer, and/or director that Defendant controlled the Debtor, and directed the business of Debtor.

72. Defendant's actions in directing the business of Debtor resulted in one or more lawsuits being filed against Debtor, including lawsuits regarding the Windsor Property and title thereto.

73. As a result of Defendant's actions, including Defendant's actions in directing the sale of the Windsor Property while a lis pendens was in place, Debtor suffered damages as demonstrated by the judgment(s) entered against Debtor.

74. Defendant's actions were a substantial factor in causing the harm to Debtor, including the judgment(s) entered against Debtor in relation to the Windsor Property;

9

75. Trustee is entitled to equitable indemnification from Defendant for the harm caused to Debtor by Defendant's actions, including but not limited to Defendant's actions regarding the sale of the Windsor Property.

**WHEREFORE,** the Trustee respectfully prays for a judgment against Defendant as follows:

1. On the first claim for relief, for a money judgment in the amount of $42,719.34, plus costs, attorneys' fees and interest thereon as allowed by law.

2. On the second claim for relief, for a money judgment in the amount of $42,719.34, plus costs, attorneys' fees and interest thereon as allowed by law.

3. On the third claim for relief, for an Order directing Defendant to pay over to the Trustee the funds borrowed from the Debtor which are property of the Debtor's Estate, in the amount of $42,719.34 or in an amount according to proof before judgment.

4. On the fourth claim for relief, for a money judgment in an amount to be proven at trial according to proof before judgment.

5. On the fifth claim for relief, for a money judgment in an amount to be proven at trial according to proof before judgment.

6. On all claims for relief, for costs of suit, and such other relief as the Court finds just and proper.

Dated: October 23, 2015                          EZRA BRUTZKUS GUBNER LLP


By: /s/ Travis M. Daniels
    RICHARD D. BURSTEIN
    REAGAN E. BOYCE
    TRAVIS M. DANIELS
Attorneys for David Seror, Chapter 7 Trustee

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD D. BURSTEIN - Bar No. 56661<br>REAGAN E. BOYCE - Bar No. 248064<br>TRAVIS M. DANIELS - Bar No. 295855<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone: (818) 827-9000<br>Facsimile: (818) 827-9099<br>Email: rburstein@ebg-law.com;  rboyce@ebg-law.com;<br>tdaniels@ebg-law.com<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SAN FERNANDO VALLEY DIVISION**

| In re:<br>RELIABLE TRUST DEED SERVICES, INC.<br><br><br><br>Debtor(s). | CASE NO.: 1:13-bk-10518-MT<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| DAVID SEROR, Chapter 7 Trustee,<br><br><br><br>Plaintiff(s)<br>Versus<br>SCOTT SAKS, an individual and as trustee of the Scott Saks 2009 Trust dated 8/12/2009,<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE IN ADVERSARY**<br>**PROCEEDING  [LBR 7004-1]** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint.  You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page.  The deadline to file and serve a written response is _____.  If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| **Hearing Date:** _____<br>**Time:** _____<br>**Courtroom:** _____ | **Place:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |
|---|---|

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 Page 1                                                    **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

        **KATHLEEN J. CAMPBELL**
        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

        By: _____
                Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*         Page 2         **F 7004-1.SUMMONS.ADV.PROC**

FORM B104 (08/07)                                                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>DAVID SEROR, Chapter 7 Trustee, | **DEFENDANTS**<br>SCOTT SAKS, an individual and as trustee of the Scott Saks 2009 Trust dated 8/12/2009, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>TRAVIS M. DANIELS / EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500, Woodland Hills CA  91367<br>(818) 827-9000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) OPEN BOOK ACCOUNT;  (2) MONEY HAD AND RECEIVED;  (3) TURNOVER OF ESTATE PROPERTY [Pursuant to 11 U.S.C. § 542]; (4) EQUITABLE INDEMNITY; (5) AND BREACH OF FIDUCIARY DUTY

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [3] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [ ] 13-Recovery of money/property - §548 fraudulent transfer
- [2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [1] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 42,719.34 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| **NAME OF DEBTOR** <br> RELIABLE TRUST DEED SERVICES, INC. | **BANKRUPTCY CASE NO.** <br> 1:13-bk-10518 |

| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> San Fernando Valley | **NAME OF JUDGE** <br> M. Tighe |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| **DATE** <br> 10/23/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> /s/ Travis M. Daniels |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.